15-83-cv
*Guerra v. Colvin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fifteen.

PRESENT:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

JUSTINE GUERRA,

> *Plaintiff-Appellant,*

> > v.                                             No. 15-83-cv

CAROLYN COLVIN, ACTING COMMISSIONER OF
SOCIAL SECURITY,

> *Defendant-Appellee.*

---

FOR APPELLANT:                          MARK SCHNEIDER, Plattsburgh, NY.

FOR APPELLEE:                           LAUREN E. MYERS, Special Assistant
                                        United States Attorney (Stephen P. Conte,
                                        Regional Chief Counsel, Office of the

General Counsel, Social Security Administration, New York, NY, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David E. Peebles, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 7, 2015, is **AFFIRMED**.

Plaintiff Justine Guerra challenges the District Court's affirmance of the Acting Commissioner of Social Security's denial of her application for disability benefits. Guerra contends that the administrative law judge ("ALJ") erred in concluding that she was not disabled, as defined by the Social Security Act, from July 7, 2010, through August 14, 2012, the date of the ALJ decision. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks omitted). We review the administrative record *de novo*, asking whether the ALJ applied the correct legal standard and whether substantial evidence supports his decision. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). We define "substantial evidence" as evidence amounting to "more than a mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). This is "a very deferential standard of review . . . . [This] means once an ALJ finds facts, we can reject [them] only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original) (internal quotation marks omitted).

Guerra first argues that the ALJ erred in finding that her carpal tunnel syndrome, polycystic ovary disorder, and chronic diarrhea did not constitute "severe impairments." A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *see also Bowen v. Yuckert*, 482 U.S. 137, 139 (1987). Guerra did not establish that any of these conditions was a severe impairment during the relevant period. The record suggests that Guerra did not show signs of carpal tunnel syndrome until *after* the ALJ rendered its decision. Guerra also testified that she regulated her polycystic ovary disorder and told one of her doctors that her diarrhea did not amount to a significant quality of life impairment. Admin. R. at 51, 487. Substantial evidence therefore supports the ALJ's exclusion of carpal tunnel syndrome, polycystic ovary disorder, and chronic diarrhea from the list of Guerra's claimed severe impairments.

Substantial evidence also supports the ALJ's determination of Guerra's residual functional capacity ("RFC"). The ALJ concluded that Guerra "has the [RFC] to perform sedentary work," and can "stand or walk for up to two hours total and sit for up to six hours total in an eight-hour workday." Special App. at 8.[1] The record reflects the opinions of multiple medical professionals that Guerra could sit for extended periods and ambulate normally, supporting the RFC determination. Although Guerra testified that her pain was too severe for her to work "at all," an ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Not only did her treating professionals judge that she could sit for long periods, but Guerra herself acknowledged that she read, watched television, and cross-stitched daily, all activities requiring extensive sitting time. She also elected to pursue "conservative therapy" for her spinal conditions and, as late as March 2012, only a few months before the end of the relevant period, her medical records reflected "no acute distress." Admin. R. at 537, 542. Thus, the ALJ's assessment of Guerra's credibility regarding the severity of her symptoms is supported by substantial evidence.

---

[1] In conjunction with this determination, the ALJ imposed limitations on Guerra's lifting weights over ten pounds, and on her exposure to respiratory irritants and vibrations in any relevant job. Special App. at 8.

3

The ALJ also did not err in finding that Guerra could perform her past work as an artist and in concluding, as a result, that she was not disabled. If a claimant has the RFC to perform her "past relevant work"—*i.e.*, any gainful work that was done in the past fifteen years—then she will be found "not disabled." 20 C.F.R. § 404.1560(b). Here, Guerra was employed as an artist for school fundraisers within fifteen years of her ALJ hearing. In this capacity, she personalized products using paint pens; shipped items; and stuffed envelopes. This job required her to walk for one hour of the workday and sit for the remainder. She did not need to lift anything heavier than ten pounds. The exertional requirements of this job are compatible with the RFC determination. Accordingly, the ALJ did not err in concluding that Guerra could resume her "past relevant work," a conclusion that renders her "not disabled" under the Social Security regulations. In reaching this result, we acknowledge the validity of Guerra's argument that, in assessing her credibility, the ALJ should, as we held in *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983), take into account a claimant's long work record. We, nonetheless, conclude that on the facts of this case the ALJ's holding can stand.

Guerra also maintains that the Appeals Council and the District Court both erred by failing to consider new evidence, submitted after the ALJ rendered its decision. This evidence included medical records and a March 18, 2014 letter from the Department of Education approving, on the basis of her disability, Guerra's application to discharge her loan. Most of the new medical records that Guerra submitted document her symptoms *after* August 14, 2012, the ALJ decision date; they do not undermine the ALJ's evaluation of Guerra's condition *during the relevant period*. The other medical records were not "new" at all—they were already included in the record, and the ALJ considered them. Regarding the loan-discharge letter, Guerra fails to explain why the Department of Education's 2014 determination, made nineteen months after the ALJ decision, bears on her disability status as of August 14, 2012. "[I]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b); *see Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (noting that newly submitted evidence must be "relevant to

4

the claimant's condition during the time period for which benefits were denied").

Accordingly, we discern no error in these evidentiary rulings.

\* \* \*

We have considered Guerra's remaining arguments and find them to be without merit.  For the reasons set out above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court