15-2969-cv
Cutter v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand sixteen.

PRESENT:  BARRINGTON D. PARKER,
　　　　　　REENA RAGGI,
　　　　　　PETER W. HALL,
　　　　　　　　　*Circuit Judges*.

---------------------------------------------------------------------

STEPHEN CUTTER,

　　　　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　No. 15-2969-cv

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

　　　　　　　　　　*Defendant-Appellee*.

---------------------------------------------------------------------

FOR APPELLANT:　　　　　　Stephen Cutter, *pro se*, Tonawanda, New York.

FOR APPELLEE:　　　　　　　Sixtina Fernandez, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Social Security Administration, on the brief), *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, New York.

1

Appeal from a judgment of the United States District Court for the Western District of New York (John T. Curtin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 23, 2015 is VACATED and the case is REMANDED to the district court with instructions to remand the matter to the Social Security Administration (the "Agency") for further proceedings consistent with this order.

Plaintiff Stephen Cutter, proceeding *pro se*, appeals from the district court's affirmance of the Commissioner of Social Security's June 4, 2015 denial of his application for disability benefits from an onset date of October 8, 2010.[1]  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

In considering whether the Commissioner was entitled to judgment on the pleadings, we review the administrative record *de novo* to determine if there is substantial evidence to support the Commissioner's decision and if the correct legal standards were applied.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). "Failure to apply the correct legal standard constitutes reversible error, including, in

---

[1] Cutter was subsequently adjudged by a different ALJ to be disabled and eligible for benefits from an onset date of June 6, 2012.

2

certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (Sotomayor, J.) (citations omitted).

A five-step sequential analysis is used to evaluate disability claims. *See* 20 C.F.R. §§ 404.1520, 416.920. At the first step of the analysis, the Commissioner determines if a claimant is, or has been, engaged in "substantial gainful activity" during the period of alleged disability. *See id.* §§ 404.1520(b), 404.1571. A claimant who is so engaged is deemed "not disabled." *Id.* § 404.1520(b). This regulatory conclusion interprets the Social Security Act's definition of "disability," which states in pertinent part that a disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

On this appeal, Cutter does not challenge the determination that he failed to demonstrate a 12-month period of continuous disability between the alleged October 8, 2010 onset date and the ALJ's June 4, 2012 denial of benefits. Such a finding was precluded by Cutter's undisputed gainful employment with GEICO from March 28, 2011, to October 8, 2011. *See* 20 C.F.R. 404.1520(b) ("If you are working . . . , you are not disabled."). Instead, Cutter identifies error in the Agency's failure to consider whether, *after* he left GEICO's employ, his various impairments could "be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). We agree.

3

"An application for disability benefits remains in effect until final decision by the [Commissioner] and a claimant will prevail if he can show that he became disabled at any time up to the date of decision." *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978). Thus, the fact that Cutter was by definition not "disabled" during his March-to-October 2011 period of gainful employment did not foreclose him from claiming that cognitive impairments informing his departure from GEICO could be expected to last for 12 months after October 8, 2011, so as to render him "disabled" within the meaning of the Act.

Title 20 C.F.R. § 404.1520, cited by the Commissioner, is not to the contrary. It states only that a finding of "not disabled" is automatic "[i]f you *are doing* substantial gainful activity," 20 C.F.R. § 404.1520(a)(4)(i) (emphasis added), and that "[i]f you *are working* and the work you *are doing* is substantial gainful activity, we will find that you are not disabled," *id.* § 404.1520(b) (emphasis added). These circumstances did not pertain to Cutter after October 8, 2011, and through the time his claim was adjudicated. *See generally McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (noting that step one considers whether claimant "is *currently* engaged in substantial gainful activity" (emphasis added)).

Nor does *Barnhart v. Walton*, 535 U.S. 212 (2002), support the Commissioner's argument that the "expected to last" provision of the Act does not apply here. *Barnhart* deemed reasonable the Agency's view that this provision applies

4

only when the "inability" has *not yet* lasted 12 months. In the case of a later Agency determination—where the "inability" *did not* last 12 months—the Agency will automatically assume that the claimant failed to meet the duration requirement. It will not look back to decide hypothetically whether, despite the claimant's actual return to work before 12 months expired, the "inability" nonetheless *might have been* expected to last that long.

*Id.* at 215 (emphases in original). Thus, *Barnhart* takes as its premise that the claimant has "actual[ly] return[ed] to work" at or by the time of adjudication. *Id.* That is not this case. Cutter *temporarily* returned to work after filing his claim, an effort that precluded him from showing a disability that had "yet" lasted 12 months. But his proffered inability to work for eight months thereafter and before his claim was adjudicated warranted consideration of whether the alleged disability impairments could "be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423 § (d)(1)(A). Indeed, had the post-employment period been the only time period at issue, the "expected to" test would plainly have applied because, at the time of the ALJ's decision, fewer than 12 months had elapsed from the disability's onset. In sum, neither 42 U.S.C. § 423(d)(1)(A) nor 20 C.F.R. § 404.1520(b) or other governing regulations necessarily disqualify Cutter from receiving disability benefits after October 8, 2011.

Nor can we say that the ALJ's error in concluding otherwise was harmless. *See Kohler v. Astrue*, 546 F.3d at 269 (stating that harmless error may not necessitate remand to agency). But for the erroneous conclusion that Cutter's period of employment *per se* disqualified him from satisfying the statutory definition of "disability," the ALJ would

5

have had to proceed to the remaining steps of analysis, at which the medical and other record evidence might have established the onset of disability sometime after October 8, 2011, but prior to the adjudication of his claim.

For the reasons stated, we VACATE the judgment of the district court and REMAND with instructions for the district court to remand this case to the Commissioner to evaluate Cutter's disability claim consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6