18-3425-cv
Salinovich v. Comm'r of Soc. Sec. Admin.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges.*

------------------------------------------------------------------

KIM SALINOVICH,

*Plaintiff-Appellant,*

v.                                                              No. 18-3425-cv

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

*Defendant-Appellee.*

------------------------------------------------------------------

FOR APPELLANT:                     MICHAEL H. SUSSMAN,
Sussman & Associates,
Goshen, NY

FOR APPELLEE:                      ALEXANDER BROCHE,
Special Assistant United States
Attorney (Ellen Sovern, Acting
Regional Chief Counsel—
Region II, Office of the General
Counsel, Social Security
Administration, New York,
NY, *on the brief*), *for* Grant C.
Jaquith, United States Attorney
for the Northern District of
New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Daniel J. Stewart, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Kim Salinovich appeals from a judgment of the District Court (Stewart, M.J.) affirming a decision of the Acting Commissioner of Social Security to deny Salinovich's request for disability benefits.   Salinovich applied for disability insurance benefits in 2014, and in 2016 an Administrative Law Judge (ALJ) concluded that Salinovich was not disabled within the meaning of the Social

Security Act, 42 U.S.C. §§ 401 et seq. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

When deciding an appeal from a denial of disability benefits, "[w]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014) (quotation marks omitted).

On appeal, Salinovich first argues that the ALJ erred in according only some weight to the opinion of Salinovich's treating physician, Dr. Jalaj, while according significant weight to the opinion of the consultative examining physician, Dr. Aisner. "Although the treating physician rule [20 C.F.R. § 404.1527(c)(2)] generally requires deference to the medical opinion of a claimant's treating physician . . . the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record." Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004). We agree with the District Court that

3

substantial evidence supports the ALJ's decision to afford only some weight to Dr. Jalaj's opinion, which was inconsistent with his contemporaneous treatment notes, Dr. Aisner's assessment, and Salinovich's own testimony at the administrative hearing. For example, Dr. Jalaj opined that Salinovich could walk less than one city block without rest or severe pain, but Salinovich reported to Dr. Aisner that she can walk ten laps around her driveway, totaling one mile daily. By contrast, Dr. Aisner's opinion, offered after a thorough physical examination, was consistent with other treatment records and Salinovich's testimony.

Second, Salinovich argues that the ALJ misconstrued Salinovich's testimony about her daily activities and that, properly viewed, her activities are "quite limited" and "do not support the conclusion that she is vocation-capable." Appellant's Br. 15. We agree with the District Court that the ALJ, as part of her residual functional capacity (RFC) determination, properly considered both Salinovich's daily activities and the intensity, persistence, and limiting effects of Salinovich's alleged symptoms in light of those activities. See 20 C.F.R. § 404.1529(c)(3). The ALJ also accurately summarized the record. We

therefore agree that substantial evidence supports the ALJ's RFC determination.

Third, Salinovich argues that the ALJ based her decision on an incomplete hypothetical question posed to the vocational expert (VE). "An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as there is substantial evidence to support the assumptions upon which the vocational expert based his opinion" and the hypothetical assumptions "accurately reflect the limitations and capabilities of the claimant involved." McIntyre, 758 F.3d at 151 (quotation marks omitted). We agree with the District Court that the portion of the VE's testimony relied upon by the ALJ responded to hypothetical questions that tracked the RFC determination, which we have concluded is supported by substantial evidence. After examining the record, we also conclude, for substantially the reasons set forth in the District Court's memorandum-decision and order, that the ALJ did not err in basing her decision in part on the VE's testimony that the hypothetical person described by the ALJ was capable of performing past work as a teacher as well as other jobs.

We have considered Salinovich's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6