Ramsey v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of October, two thousand twenty.

Present:     ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
            WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

LAUREL M. RAMSEY,

                    *Plaintiff-Appellant*,

            v.                                          19-3306-cv

COMMISSIONER OF SOCIAL SECURITY,

                    *Defendant-Appellee*.
_____

Appearing for Appellant:     James P. Ratchford, Buffalo, NY.

                            Lewis L. Schwartz, Buffalo, NY (*on the brief*).

Appearing for Appellee:      Peter W. Jewett, Special Assistant United States Attorney (Ellen E. Sovern, Regional Chief Counsel – Region II Office of the General Counsel, Social Security Administration, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Foschio, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be **AFFIRMED**.

Appellant Laurel M. Ramsey appeals from a final judgment entered on August 29, 2016 by the United States District Court for the Western District of New York (Foschio, *M.J.*), affirming an administrative law judge's ("ALJ's") August 5, 2016, denial of Ramsey's application for Social Security disability insurance benefits. The ALJ concluded that Ramsey was not disabled. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (citation and interal quotation marks omitted). In doing so, we consider whether "there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). This is a "very deferential standard of review—even more so than the clearly erroneous standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted). Notably, if the evidence "is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre*, 758 F.3d at 149.

Ramsey argues that the ALJ erred in concluding that Ramsey maintained a Residual Functional Capacity ("RFC") to perform certain sedentary jobs. We disagree. The ALJ properly considered the medical opinions in the record, explaining how much weight he gave to each and why he did so. We have warned ALJs not to substitute their lay judgment for "competent medical opinion," *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (internal citation and quotation marks omitted), but here the ALJ did not attempt to forge his own medical opinions based on raw data or reject diagnoses provided by medical professionals. The ALJ accurately summarized medical notes and opinions describing, inter alia, that Ramsey had full flexion and extension in her lumbar spine, had no difficulty dressing herself or getting on and off medical examination tables, demonstrated a normal gait, and was often not giving her full effort during examination. To the extent the ALJ discounted portions of medical opinions, he provided sufficient reason for doing so, citing contradictory notes or other medical opinions. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (noting that it is "within the province of the ALJ to resolve" conflicting findings). Indeed, the ALJ occasionally deviated from consultative examiners' recommendations to *decrease* Ramsey's RFC based on other evidence in the record, exemplified by the ALJ's determination that Ramsey should not interact with the public. The ALJ committed no error by determining the scope of Ramsey's RFC because that is his responsibility. *See* 20 C.F.R. § 404.1527(d)(2) (explaining that the Commissioner has the "final responsibility" for determining, inter alia, a claimant's RFC); *Schaal v. Apfel*, 134 F.3d 496, 504

2

(2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record.").

Ramsey argues that the Appeals Council failed to properly consider new evidence submitted after the ALJ's decision, namely the March 2017 treatment notes of Dr. Jeffrey Lewis, purported to be a treating physician. As an initial matter, we disagree that Dr. Lewis's opinion was entitled to the level of deference provided to treating physicians. *See* 20 C.F.R. § 404.1527(c)(2) (explaining that more weight is given to the opinions of "treating sources"). Dr. Lewis saw Ramsey only once prior to the ALJ's decision, and Ramsey eventually chose to pursue surgical treatment with Dr. Anthony Leone. Dr. Lewis did not have an "ongoing treatment relationship" with Ramsey during the relevant period. 20 C.F.R. § 404.1527(c)(2); *see also Arnone v. Bowen*, 882 F.2d 34, 40-41 (2d Cir. 1989) (explaining that a doctor was not a treating physician because he did not have an "ongoing physician-treatment relationship" with the claimant *during the period of alleged disability*). Therefore, the Appeals Council did not need to engage in an explicit analysis of the factors we laid out in *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008).

Even assuming that the Appeals Council committed legal error by refusing to consider the new evidence reflected in Dr. Lewis's notes, after reviewing the entire administrative record, we remain convinced that the Appeals Council would reach the same conclusion after considering the new evidence. Although Dr. Lewis's notes suggested Ramsey "did not improve at all from" her 2014 surgery and "has been getting progressively worse since the surgery," he also noted that Ramsey "had a recent fall," Admin. R. at 11— outside of "the period on or before the date of the hearing decision," 20 C.F.R. § 416.1470(a)(5)—"which aggravated her pain severely," Admin. R. at 11. Accordingly, Dr. Lewis's March 2017 physical examination likely did not bear on Ramsey's limitations for the disability period. The ALJ also considered other evidence of the matters described in Lewis's notes, and remand is not required if the improperly "excluded evidence [was] essentially duplicative of evidence considered by the ALJ." *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010).

We have considered Ramsey's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3