23-643-cv
*New v. O'Malley*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
>      ROBERT D. SACK,
>      DENNY CHIN,
>      JOSEPH F. BIANCO,
>           *Circuit Judges.*

_____

MATTHEW NEW,

                  *Plaintiff-Appellant,*

        v.                                                           23-643-cv

MARTIN O'MALLEY, COMMISSIONER
OF SOCIAL SECURITY,

                  *Defendant-Appellee.*[*]

_____

FOR PLAINTIFF-APPELLANT:          BRYDEN F. DOW, West Rutland, Vermont.

FOR DEFENDANT-APPELLEE:           AVNI GANDHI, Special Assistant United States Attorney (Ellen E. Sovern, Associate General Counsel, *on the brief*), Social Security Administration, Office of the General Counsel *for* Carla B. Freedman, United States Attorney

---

[*] The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order. *See* Fed. R. App. P. 43(c)(2) (providing for automatic substitution of a public officer's successor).

for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (David E. Peebles, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on March 22, 2023, is **AFFIRMED.**

Plaintiff-Appellant Matthew New appeals from the district court's judgment affirming the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. § 401 *et seq.*  In April 2012, New applied for Supplemental Security Income ("SSI") and disability insurance benefits, alleging that he had been disabled since April 20, 2008 due to a back injury, social anxiety, and depression.  An Administrative Law Judge ("ALJ") granted New's claim for SSI for the period from April 4, 2012 onward, but denied his claim for disability insurance benefits for the period from April 20, 2008 through December 31, 2010.  On appeal, New argues that the ALJ erred by failing to give controlling weight to the opinions of the medical providers who treated him, and by failing to consider the factors required by this Court's decision in *Burgess v. Astrue*, 537 F.3d 117, 128–29 (2d Cir. 2008), in discounting their opinions.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion [and] conduct a plenary review of the administrative record to determine if there is substantial evidence . . . to support the Commissioner's decision and if the correct legal standards have been applied." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)

(internal quotation marks and citations omitted). "Substantial evidence is . . . relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks and citation omitted). The substantial evidence standard is "very deferential" and "means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (internal quotation marks and citations omitted).

Under the SSA, a claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration follows a "five-step, sequential evaluation process . . . to determine whether a claimant is disabled." *McIntyre*, 758 F.3d at 150. As relevant here, the second step requires the claimant to show that he "has a severe impairment or combination of impairments." *Id.*; *see also* 20 C.F.R. § 404.1520(a)(4)(ii) ("At the second step, we consider the medical severity of your impairment(s)."). "To be eligible for disability insurance benefits, [a claimant] must be 'insured for disability insurance benefits.'" *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (quoting 42 U.S.C. § 423(a)(1)(A), (c)(1)). Thus, a claimant who no longer meets the requirements for "insured status," *see* 42 U.S.C. § 423(c)(1), must show that he was disabled within the meaning of the SSA on or before his date last insured. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

Here, the ALJ found, based on the administrative record and hearing testimony, that New had medically determinable impairments—including anxiety disorder and depressive disorder— but that these impairments were not severe, and thus did not constitute a disability under the SSA,

3

until April 2012, approximately sixteen months after the date he was last insured. On appeal, New challenges the ALJ's finding regarding the onset of his disability, arguing that the ALJ should have afforded controlling weight to the opinions of his medical providers under the "treating physician" rule, and that she failed to consider the *Burgess* factors when discounting their opinions. "The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant." *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).[1] "According to this rule, the opinion of a claimant's treating physician as to the nature and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Burgess*, 537 F.3d at 128 (alteration adopted) (internal quotation marks and citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2). "[I]f the ALJ decides the opinion is not entitled to controlling weight, [she] must determine how much weight, if any, to give it." *Estrella*, 925 F.3d at 95. "In doing so, [the ALJ] must explicitly consider the following, nonexclusive *Burgess* factors: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Id*. at 95–96 (alterations adopted) (internal quotation marks and citation omitted). Although the ALJ's failure to explicitly consider these factors is procedural error, "such an error is harmless if the ALJ has otherwise provided good reasons for [her] weight assignment." *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022) (internal quotation marks omitted); *see also Estrella*, 925 F.3d at 96 ("If . . . a searching review of the record assures us that the substance of the treating physician rule was not traversed, we will affirm." (internal quotation marks and citation omitted)).

---

[1] The "treating physician" rule applies because the plaintiff filed his claims before March 27, 2017. *See Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022); *cf.* 20 C.F.R. § 404.1520c.

4

The administrative record in this case contains opinions from three treating providers: Dr. Michael Scovner, a primary care physician; Jacquelyn Bode, a licensed psychologist; and Trisha Meyer, a licensed independent clinical social worker. Dr. Scovner's and Bode's opinions were issued in 2014, while Meyer's opinion was issued in 2021. Although all three providers indicated that New had substantial mental limitations affecting his ability to work full time, and that December 31, 2010 was a "reasonable" onset date for his disability, *see* Administrative Record ("AR") at 600, 617, 2804, the ALJ concluded that their opinions were "entitled to little weight for the period prior to [April 2012]," *id*. at 1729. The ALJ explained that she was assigning minimal weight to Dr. Scovner's opinion that New was disabled as of his last-insured date because Dr. Scovner's "treatment notes [from that period] do not support finding listing level mental impairments[.]" AR at 1729. The ALJ further explained that "Bode and . . . Meyer did not begin treating the claimant until after [April 2012] and they provided no support for the portions of their opinions relating listing-level mental impairments back to his date last insured." AR at 1729.

New contends that Dr. Scovner's and Bode's opinions were entitled to controlling weight under the treating physician rule, because "there are no medical opinions in the record that are inconsistent with the[ir] opinions." Appellant's Br. at 11.[2] He argues that their opinions were consistent with other record evidence, including the testimony of agency medical expert Dr. Sharon Rae Kahn, and that the ALJ erroneously relied on the absence of evidence when determining whether to afford their opinions controlling weight. We disagree.

Treating physicians' opinions are "not afforded controlling weight where, as here, [their] opinions . . . are not consistent with other substantial evidence in the record, such as the opinions

[2] On appeal, New concedes that Meyer is not a physician and not entitled to deference under the rule. Appellee also briefly argues that Bode is not a treating physician within the meaning of the rule. However, we need not determine this question because we find that the ALJ appropriately declined to afford controlling weight to Bode's opinion in any event.

of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam). As the ALJ recognized, Dr. Scovner's and Bode's opinions are inconsistent with New's medical records, as well as the opinions of two agency psychological consultants, Dr. Edward Hurley and Dr. Thomas Reilly. The record indicates that New saw Dr. Scovner, his primary care physician, ten times during the relevant period between New's alleged onset date of April 20, 2008 and his date last insured of December 31, 2010, but never raised any concerns about anxiety or depression, despite having raised such concerns to Dr. Scovner in the past. *See* AR at 1728 (ALJ explaining that "the record does not reflect complaints of anxiety or depression from the claimant's alleged onset date through his date last insured."); *id.* at 1729 ("While there was some evidence of alcohol and substance abuse in 2006 and reports of anxiety and depressive symptoms, this was prior to his alleged onset date, and the claimant did not require or seek treatment for mental impairments or substance abuse from his alleged onset date through his date last insured.").

Moreover, Dr. Hurley and Dr. Reilly reviewed New's medical records from the relevant period, and both concluded that "there is insufficient evidence to substantiate the presence of [an anxiety-related] disorder" as of December 31, 2010. AR at 68, 97; *see also id.* at 67 ("From the 4/20/2008 [alleged onset date] to the 12/31/2010 [date last insured], the only evidence is from [primary care physician] office visit notes [of Dr. Scovner] and these are totally silent concerning anxiety or depression; A [psychiatric review technique form] will reflect this."). Although Dr. Kahn testified that it was "possible" that New was disabled by his date last insured, AR at 1801, the ALJ concluded that this testimony was "speculation" and "inconsistent with and unsupported by the evidence of record during this period," *id.* at 1729. The ALJ was entitled to resolve these conflicting medical opinions in the way that she did. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

6

The ALJ did not, contrary to New's assertion, improperly rely on the absence of evidence in declining to afford Dr. Scovner's and Bode's opinions controlling weight. To be sure, in *Wagner v. Secretary of Health and Human Services*, 906 F.2d 856, 861 (2d Cir. 1990), we held that an ALJ could not rely on the lack of evidence in the record regarding certain symptoms to conclude that the treating physician's opinion was not binding. However, in that case, the ALJ determined, without reference to a countering medical opinion, that the treating physician's diagnosis was precluded by his failure to reference certain symptoms, even though the physician's single page of notes were "almost exclusively indications of medications prescribed" and could not "seriously be argued [to] represent an exhaustive record" of the three years of treatment. *Id*. Indeed, we subsequently described the ALJ's error in *Wagner* as her decision to "improperly set her own expertise against that of the treating physician." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (alteration adopted) (internal quotation marks and citation omitted); *see also Schillo*, 31 F.4th at 75 ("The ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." (alteration adopted) (internal quotation marks and citation omitted)). Here, by contrast, the ALJ considered New's full medical records from the period and relied upon the opinions of agency consultants who reviewed those records, rather than her own judgment, in concluding that Dr. Scovner's and Bode's opinions were inconsistent with other substantial evidence. *See Rucker v. Kijakazi*, 48 F.4th 86, 95 (2d Cir. 2022) (upholding ALJ's rejection of treating physician's opinion because "[t]he ALJ did not impermissibly substitute her own expertise for [the treating physician's] opinion, but rather she rejected [the] opinion because she found it was contrary to the record," including "objective evidence in the record regarding [the claimant's] minimal treatment history").

New further argues that the ALJ failed to consider the *Burgess* factors in determining how much weight to afford Dr. Scovner's and Bode's opinions. In particular, he argues that the ALJ

7

did not consider the length of the treatment relationships, the evidence in support of their opinions, and the fact that Bode is a specialist in psychology. Although the ALJ did not explicitly reference each *Burgess* factor in concluding that Dr. Scovner's and Bode's opinions were entitled to little weight, the ALJ's decision *did* "effectively cover[]" these factors, "including the nature of the examining and treating relationships, the supportability of the opinions, their consistency with the record as a whole, and the doctors' specialization[s]." *Schillo*, 31 F.4th at 79. The ALJ indicated that Dr. Scovner treated New before, during, and after the relevant period, but that his opinion regarding the onset of New's disability was not supported by his treatment notes. The ALJ also explained that Bode did not begin treating New until after the relevant period, and that Bode did not provide any support for her opinion that New was disabled as of his date last insured. Although Dr. Kahn testified that New may have been disabled as of his date last insured, the ALJ concluded that Dr. Kahn's testimony—and, by extension, Dr. Scovner's and Bode's opinions—was "inconsistent with and unsupported by the evidence of record during this period." AR at 1729. Finally, the ALJ acknowledged Dr. Scovner's and Bode's specializations by referencing their degrees (M.D. and M.Ed., respectively), and the types of treatment they provided New (physical/mental and mental, respectively). We accordingly conclude based on our review of the ALJ's decision and the record "that the substance of the treating physician rule was not traversed," *Halloran*, 362 F.3d at 32, and the ALJ "provide[d] 'good reasons' for the weight she [gave] to the treating source[s'] opinion[s]," *id*. at 32–33.

In sum, we conclude that substantial evidence supports the ALJ's assignment of less than controlling weight to the opinions of New's treating providers, and that any procedural error in failing to explicitly consider the *Burgess* factors was harmless.

8

      \*               \*               \*

We have considered New's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court