16-1173-cv
Clark v. Berryhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of September, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.

------

RICHARD CLARK,

                      *Plaintiff-Appellant*,

             v.                                              16-1173-cv

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                      *Defendant-Appellee*.[1]

------

Appearing for Appellant:     Peter A. Gorton, Lachman & Gorton, Endicott, NY.

Appearing for Appellee:      Graham Morrison, Special Assistant U.S. Attorney, Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

------

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner of Social Security Nancy A. Berryhill is automatically substituted for former Acting Commissioner of Social Security Carolyn W. Colvin as Defendant-Appellee. The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **VACATED** and the case is **REMANDED** to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order.

Appellant Richard Clark appeals from the March 31, 2016 judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), affirming the decision of the Commissioner of Social Security to deny Clark disability insurance benefits and supplemental security income. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's judgment on the pleadings *de novo*." *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). "When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (internal quotation marks omitted). In order to permit a court reviewing an ALJ's disability determination to determine whether there is substantial evidence to support the Commissioner's decision, an ALJ must set forth with sufficient specificity the relevant factors justifying its findings. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence is more than a mere scintilla. It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447-48 (2d Cir. 2012) (internal quotation marks and citation omitted).

To receive federal disability benefits, a claimant must prove that he is "disabled," which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The impairment must be 'of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Shaw*, 221 F.3d at 131-32 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration regulations establish the five-step evaluation process used to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). As relevant here, at step five "the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform." *McIntyre*, 758 F.3d at 151; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). "An ALJ may make this determination either by applying the Medical Vocational Guidelines or by adducing testimony of a vocational expert." *McIntyre*, 758 F.3d at 151. "An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as there is substantial record evidence to support the assumptions upon which the vocational expert based his opinion, and [the hypothetical] accurately reflect[s] the limitations and capabilities of the claimant involved." *Id.* (internal quotation marks, citations, and brackets omitted).

"When the issue of skills and their transferability must be decided, the . . . ALJ is required to make certain findings of fact and include them in the written decision. Findings

2

should be supported with appropriate documentation." S.S.R. 82-41, 1982 WL 31389, at *7.[2] In particular, "[w]hen a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the . . . ALJ's decision." *Id.* Thus, Social Security Ruling 82-41 requires specific findings by the ALJ on the transferability of vocational skills, though an ALJ may rely on a vocational expert's testimony in doing so. *See Draegert v. Barnhart*, 311 F.3d 468, 475-77 (2d Cir. 2002).

Clark contends, among other things, that the ALJ erred by determining that he was not disabled under the Medical-Vocational Guidelines (the "Grids") once he turned 50 years old. In particular, Clark argues that the ALJ's determination that he had acquired transferable vocational skills was not based on substantial evidence.

Under the Grids, a claimant who is closely approaching advanced age, who has a limited education or less, who previously held a skilled or semi-skilled job that he can no longer perform, and who has the residual functional capacity to perform sedentary work, is not to be found disabled if he has vocational skills that are transferable, but must be found disabled if he does not have such skills. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 201.10, 201.11; *cf. Draegert*, 311 F.3d at 473 (describing a similar Grids-based analysis for a claimant with different characteristics). Therefore, whether Clark acquired job skills from his previous work, and whether those skills were transferable, were "crucial factors" to the ALJ's determination at step five of the analysis. *See Ferraris*, 728 F.2d at 587.

The ALJ adduced testimony of a vocational expert to assist in its determination as to whether Clark was not disabled under the Grids. During her testimony, the vocational expert identified Clark's relevant past work—construction mechanic, mechanic, tow truck operator, and heavy equipment operator—and identified each as having an exertional level of medium and as either skilled or semi-skilled work. When the ALJ asked, "are there any transferable skills at the light or sedentary level that could be utilized? And, if so, could you give me those jobs with the numbers?," the vocational expert provided several job titles without identifying Clark's acquired vocational skills or indicating why they were transferable to those identified jobs. When the ALJ asked two follow-up hypotheticals about whether jobs existed in significant numbers in the national economy for a person with Clark's age, education, past work experience, and residual functional capacity, the vocational expert again provided several job titles without identifying Clark's acquired vocational skills and why they were transferable to the jobs she identified.

In its written decision, the ALJ made the following relevant factual findings: (1) during the pendency of the proceedings, Clark turned 50 years old, and became "closely approaching advanced age," 20 C.F.R. §§ 404.1563(d), 416.963(d); (2) Clark had a 10th grade or "limited education," 20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3); (3) Clark was unable to perform any past relevant work, *see* 20 C.F.R. §§ 404.1565, 416.965; (4) Clark had a residual functional capacity to perform sedentary work, with some exertional limitations, *see* 20 C.F.R. §§ 404.1567(a), 416.967(a); and, relying in part on the testimony of the vocational expert, (5) Clark had acquired vocational skills from his past semi-skilled work that were transferable to other jobs existing in significant numbers in the national economy that Clark can perform, *see* 20 C.F.R. §§ 404.1568(d), 404.1569, 404.1569a, 416.968(d), 416.969, 416.969(a).

---

[2] Social Security Rulings "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the Social Security Administration. 20 C.F.R. § 402.35(b)(1); *see also Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984) (describing the function and effect of Social Security Rulings).

3

"[T]he crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Ferraris*, 728 F.2d at 587. The ALJ's decision, however, does not identify the skills that Clark acquired or how those skills transfer to the jobs identified by the vocational expert. In failing to include those findings in its decision, the ALJ did not comply with Social Security Ruling 82-41. Moreover, because the ALJ's decision and the record are devoid of these required findings, we are unable to determine that the decision is supported by substantial evidence.

Where, as here, an ALJ fails to either set forth with sufficient specificity the claimant's acquired vocational skills or to make sufficiently specific findings about their transferability, and those findings were material to the outcome, remand to the Commissioner is warranted. *See Draegert*, 311 F.3d at 472-77; *Ferraris*, 728 F.2d at 587-88; *see also Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (stating that "we would not hesitate to remand the case for further findings or a clearer explanation for the decision" where we are "unable to fathom the ALJ's rationale in relation to the evidence in the record").

Therefore, we vacate the judgment and remand the case to the Commissioner to make specific findings on whether Clark acquired vocational skills, and if so, whether they were transferable to other jobs existing in significant number in the national economy that Clark can perform given his age, education, work experience, and residual functional capacity.

For the foregoing reasons, the judgment of the district court hereby is VACATED and the case is REMANDED to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Because the ALJ did not separately analyze the benefits period prior to when Clark was "closely approaching advanced age," we vacate the district court's judgment in its entirety and order remand to the Commissioner for further proceedings on Clark's claim.

4