13-4893-cv
Abbott v. Colvin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand fifteen.

Present:  ROSEMARY S. POOLER,
          DEBRA ANN LIVINGSTON,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

_____

ANNAMARIE ABBOTT,

                    *Plaintiff-Appellant*,

          v.                                      13-4893-cv

CAROLYN W. COLVIN, ACTING COMMISSIONER
OF SOCIAL SECURITY,

                    *Defendant-Appellee*.

_____

Appearing for Appellant:     Kenneth R. Hiller, Law Offices of Kenneth Hiller PLLC, Amherst, NY.

Appearing for Appellee:      Kristina D. Cohn, Special Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, and Stephen P. Conte, Regional Chief Counsel – Region II, Office of the General Counsel, United States Social Security Administration, New York, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED**.

Plaintiff-appellant Annamarie Abbott appeals from the final judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*), which affirmed the decision of the Commissioner of the Social Security Administration denying Abbott disability benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"A claimant is disabled and entitled to disability insurance benefits if she is unable 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (quoting 42 U.S.C. § 423(d)(1)(A)). The Social Security Administration regulations outline the five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience. *See Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

On appeal, Abbott argues, inter alia, that the ALJ erred at step four of this analysis in concluding that she could perform her past relevant work as a teacher, either as she previously performed it or as it is generally performed in the economy. We agree that the ALJ's limited analysis on this issue is inadequate, and we therefore remand for reassessment of Abbott's ability to return to her past relevant work.

In determining Abbott's residual functional capacity, the ALJ concluded that "due to the claimant's depression and attention deficit disorder, she has mild limitations in the ability to understand, carry out, and remember detailed instructions; mild difficulties in the ability to use judgment in making work-related decisions; mild difficulties in the ability to respond appropriately to supervision, coworkers[,] and work situations; and mild difficulties in the ability to deal with changes in a routine work setting." App'x at 24. Yet the ALJ's subsequent analysis – concluding that Abbott was capable of performing her past relevant work as a teacher – leaves these nonexertional limitations unaddressed, focusing only on Abbott's physical limitations. Because Abbott retained the physical capacity to perform medium work, requiring the lifting of no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds, the ALJ concluded that she could meet the light exertional demands generally required in the teaching profession. Although the ALJ's opinion also notes briefly that Abbott's nonexertional limitations would not preclude her past work as a teacher, the opinion lacks any analysis on this point.

2

The Social Security Administration has cautioned that determination of a claimant's ability to perform past relevant work requires, at the very least, "a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; [and] (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work." Social Security Ruling 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General ("SSR 82-62"), 1982 WL 31386, at *3 (S.S.A. 1982). Indeed, "[t]he decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and *must be developed and explained fully in the disability decision*." *Id.* (emphasis added).

Here, because the ALJ's analysis on this point offers only passing mention of Abbott's identified nonexertional limitations, we cannot determine whether the ALJ conducted the requisite "careful appraisal" of how Abbott's nonexertional limitations would or would not affect her ability to function as a teacher. To be sure, "in the fourth stage of the SSI inquiry, the claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003) (emphasis omitted). Yet the record here reveals that Abbott repeatedly emphasized the nonexertional demands associated with her past work as a teacher. *See* App'x at 42, 44, 167; *see also* SSR 82-62, 1982 WL 31386, at *3 ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."). Because the ALJ's step four analysis leaves both these statements as well as Abbott's nonexertional limitations unaddressed, we remand for further consideration and explanation of whether Abbott, in light of her identified residual functional capacity and her description of her past work, could perform the work of a teacher. *See Cichocki*, 729 F.3d at 177 (noting that "where we are unable to fathom the ALJ's rationale in relation to evidence in the record . . . we will not hesitate to remand for further findings or a clearer explanation for the decision.") (internal quotation marks omitted).

Nevertheless, although we remand for further analysis of Abbott's ability to return to her past relevant work, we find the remainder of Abbott's arguments on appeal unavailing. First, we hold that the ALJ did not err in according little weight to the assessment of Dr. Samant, Abbott's treating physician. The ALJ appropriately noted that other medical evidence in the record, including Dr. Samant's own treatment notes, did not support the vague functional limitations suggested in his evaluation. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) ("[T]he opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record."). Despite Abbott's contentions to the contrary, the ALJ acted well within his discretion in assessing whether the record evidence supported Dr. Samant's evaluation. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."). Similarly, we find no error in the ALJ's treatment of the opinion of the consulting psychologist, Dr. Ryan, as those portions of Dr. Ryan's assessment discounted by the ALJ lack clear support in the record. Finally, presented with Abbott's complete medical history, the ALJ did not err in failing to seek additional information from Dr. Samant. *See Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ

3

is under no obligation to seek additional information in advance of rejecting a benefits claim.") (internal quotation marks omitted).

We have considered the remainder of Abbott's arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court hereby is AFFIRMED IN PART, VACATED IN PART, and REMANDED with instructions to remand the matter to the Commissioner for further consideration in light of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk