16-3840-cv
*Klemens v. Berryhill*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

Present:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge*.[*]

_____

JAMES A. KLEMENS, JR.,

> *Plaintiff-Appellant*,

> v.                                                                                  16-3840-cv

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee*.[**]

_____

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner of Social Security Nancy A. Berryhill is automatically substituted for former Acting Commissioner of Social Security Carolyn W. Colvin as Defendant-Appellee. The Clerk of the Court is respectfully directed to amend the caption as above.

For Plaintiff-Appellant:    TIMOTHY HILLER, Law Offices of Kenneth Hiller, PLLC, Amherst, New York.

For Defendant-Appellee:    ROBERT R. SCHRIVER (Heetano Shamsoondar, Stephen P. Conte, *on the brief*), *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this order.

Plaintiff-Appellant James A. Klemens, Jr. appeals from a July 11, 2016 judgment of the United States District Court for the Western District of New York (Skretny, *J.*) affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Klemens disability insurance benefits and supplemental security income payments under the Social Security Act.   We presume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When we review an appeal from a denial of disability benefits, "we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 264–65 (2d Cir. 2008)) (internal quotation marks omitted).   "We 'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.'"   *Id.* (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).   The familiar substantial evidence standard means "'more than a mere scintilla.   It means such relevant evidence as a reasonable mind

2

might accept as adequate to support a conclusion.'" *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Id.* at 47 (citing *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). The ALJ's affirmative duty to develop the record "exists even when the claimant is represented by counsel." *Id.* As part of the ALJ's duty to develop the record, "[i]t is the function of the [Commissioner], not ourselves, to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citations omitted). "Among the ALJ's legal obligations is the duty to adequately explain his reasoning in making the findings on which his ultimate decision rests, and in doing so [he] must address all pertinent evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010). An ALJ's "failure to acknowledge relevant evidence or to explain its implicit rejection is plain error." *Ceballos v. Bowen*, 649 F. Supp. 693, 702 (S.D.N.Y. 1986) (citing *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1045 (2d Cir. 1984)). Although, of course, *every* conflict in the record need not be reconciled by the ALJ, "the crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984); *see also* Social Security Ruling 82–62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General ("SSR 82–62"), 1982 WL 31386, at *4 (S.S.A. Jan. 1, 1982).

On appeal, Klemens challenges the ALJ's Step Four determination that he could return to his "past relevant work" as a cleaner and refurbisher of apartments. In particular, Klemens

3

argues that the ALJ did not adequately explain why his past work as a cleaner and refurbisher of apartments in 2007 constituted "substantial gainful activity." In the ALJ's decision, the entirety of the discussion regarding whether Klemens's past work as a cleaner and refurbisher of apartments amounted to "substantial gainful activity" is confined to a single sentence, consisting of the recitation that "[t]he claimant performed this job [*i.e.*, a cleaner] within the past 15 years, a sufficient time for him to learn it, and with sufficient earnings to raise the presumption of substantial gainful activity." C.A.R. 27. We agree with Klemens that the ALJ's lone sentence, without more, is inadequate, and therefore remand so that the ALJ may explain in greater detail whether Klemens's past work as a cleaner and refurbisher of apartments constituted "substantial gainful activity."

Under the Commissioner's regulations, "past relevant work" is defined as "work that you have done within the past 15 years, *that was substantial gainful activity*, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1) (emphasis added). For work to qualify as "substantial gainful activity," a claimant's earnings must exceed an amount prescribed in regulations and, as relevant here, in a table on the Social Security Administration's website. *See* 20 C.F.R. § 404.1574(b)(2); Soc. Sec. Admin., *Substantial Gainful Activity*, https://www.ssa.gov/oact/cola/sga.html. Per the table on the Social Security Administration's website, in 2007, the monthly "substantial gainful activity" amount was $900, which would exceed $10,000 over a 12-month period.

The record is rife with inconsistent information regarding Klemens's 2007 earnings from his work as a cleaner and refurbisher of apartments. First, Form SSA-3368 titled "Disability Report" and completed by Jessica Dayton of Chautauqua County Mental Health notes that, between February and August of 2007, Klemens worked as a "laborer," where he "clean[ed][]

4

[and] refurbish[ed] apartments," for eight hours per day, five days per week, at the rate of $7.50 per hour. C.A.R. 151. These earnings, if accurate, would total approximately $1,200 per month (above the $900 "substantial gainful activity" monthly threshold). Second, in contrast, Klemens's certified earnings records – *i.e.*, Internal Revenue Service records reflecting a claimant's reported earnings – seem to suggest that he earned $2,915.63 total in 2007 ($811.88 from "David M. Civilette" and $2,103.75 from "Express Services Inc."). C.A.R. 122; 125. If accurate, these earnings would be far less than the $10,800 "substantial gainful activity" annual threshold. Klemens also maintains that his earnings from his work as a cleaner and refurbisher are limited to only the $811.88 from "David M. Civilette." Even among the parties, there is no dispute that the hours and wages in the first entry (Form SSA-3368), if correct, would qualify as "substantial gainful activity," but the hours and wages in the second entry (the certified earnings records), if correct, would not rise to the "substantial gainful activity" level. Third, a 2012 form that appears to have been submitted to the Social Security Administration indicates that, from "May/June 2007 to September 2007," Klemens worked for "David Civilette" in connection with "cleaning/renovation of apartments." C.A.R. 273. As a further discrepancy, this third entry (the 2012 form) provides different dates of employment than does the first entry.

At Klemens's ALJ hearing, rather than address or try to make sense of these apparent inconsistencies regarding Klemens's 2007 work and earnings history, the ALJ instead asked about Klemens's work *after* June 2008. In response, Klemens said that he had worked "under the table" three times since June 2008, for eight hours on each occasion. Notwithstanding the discussion of Klemens's 2008 work history, the ALJ failed to elicit *any* testimony regarding Klemens's 2007 work as a cleaner and refurbisher of apartments. And in its ruling, the ALJ merely asserted – without any discussion – that Klemens performed the job as a cleaner with

5

"sufficient earnings to raise the presumption of substantial gainful activity." C.A.R. 27. The ALJ did not, for example, find (or even allude) that Klemens's certified earnings record omitted certain income, nor did the ALJ expressly recognize the existence of (much less reconcile) the various pieces of contradictory evidence. Moreover, the ALJ did not provide a record citation to any of the pertinent evidence discussed in this appeal, which would have at least provided some indication that he had considered the contrary evidence. In short, based on our review of the certified administrative record, the ALJ simply failed to acknowledge relevant evidence or explain his implicit rejection of the conflicting evidence. *See Bowen*, 649 F. Supp. at 702 (citing *Valente*, 733 F.2d at 1045). In light of the deficiencies in the ALJ's findings and the need for a remand so that the ALJ may set forth his reasoning with greater clarity, this Court expresses no opinion at this time as to whether substantial evidence supported the ALJ's determination that Klemens's past work as a cleaner and refurbisher of apartments constituted "substantial gainful activity." *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).

Additionally, assuming *arguendo* that Klemens's 2007 work as a cleaner amounted to "substantial gainful activity," we also express no view at this time as to whether the ALJ adequately explained why Klemens could return to this past work. Indeed, resolving this matter now would be premature because remand will result in further record development regarding Klemens's prior cleaning experience and, if the ALJ determines on remand that Klemens's 2007 cleaning work did not rise to the "substantial gainful activity" level, then the ALJ (and any reviewing court on appeal) would not even reach the issue.[1]

---

[1] If the ALJ does reach this inquiry, we have previously explained that, in determining a claimant's ability to perform past relevant work, the ALJ must "at the very least" conduct "'a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for . . . [the] inability to meet those requirements; [and] (2) [the]

6

Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

medical evidence establishing how the impairment limits [the claimant's] ability to meet the [work's] physical and mental requirements . . . . .'" *Abbott v. Colvin*, 596 F. App'x 21, 23 (2d Cir. 2015) (summary order) (quoting SSR 82–62, 1982 WL 31386, at *3). "Indeed, '[t]he decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and *must be developed and explained fully in the disability decision*.'" *Id.* (quoting SSR 82–62, 1982 WL 31386, at *3) (emphasis in *Abbott*).