Wetzel v. Berryhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5ᵗʰ day of September, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             REENA RAGGI,
                     *Circuit Judges*.

_____

DAVID WETZEL, JR.,

                    *Plaintiff-Appellant*,

            v.                                                      18-3594-cv

NANCY A. BERRYHILL, COMMISSIONER OF SOCIAL SECURITY,

                    *Defendant-Appellee*.

_____

Appearing for Appellant:     Mark Schneider, Schneider & Palcsik, Plattsburgh, N.Y.

Appearing for Appellee:      Peter W. Jewett, Special Assistant U.S. Attorney (Ellen E. Sovern, Acting Regional Chief Counsel – Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Hummel, *M.J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

      Appellant David Wetzel, Jr. appeals from the November 21, 2018, judgment affirming the Commissioner's March 30, 2016, denial of Wetzel's application for supplemental security income after an administrative law judge (ALJ) determined that Wetzel was not disabled. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      "On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks omitted).

      Wetzel's first argument on appeal is that the ALJ erred by giving substantial weight to the medical opinion of a non-examining consultant while discounting the medical opinions of Wetzel's treating physicians and an examining consultant. An ALJ generally must give greater weight to the medical opinions of treating and examining sources than to the medical opinions of non-treating and non-examining sources. 20 C.F.R. § 404.1527(c). Nonetheless, Wetzel's argument is meritless for two reasons. First, Wetzel did not provide medical opinions from his treating physicians. "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairments(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The record evidence from Wetzel's treating sources does not contain any such judgments about the nature and severity of Wetzel's impairments and instead consists entirely of treating notes. Second, the ALJ did not err in concluding that the non-examining consultant's medical opinion was entitled to greater weight than the examining consultant's medical opinion. As required by statute, the ALJ properly considered a number of factors in attributing weight to the consultants' medical opinions, including, significantly in Wetzel's case, the consistency of the opinion with the record, "the amount of understanding of . . . disability programs and their evidentiary requirements that a medical source has, regardless of the source of that understanding, and the extent to which a medical source is familiar with the other information in [the claimant's] case record." *Id.* § 404.1527(c)(6).

      Wetzel's second argument, that the ALJ's decision that Wetzel could perform light work is not supported by substantial evidence, also fails. Wetzel first argues that the ALJ erred by finding that his impairment was not the equivalent of Listing Impairment 1.04A for spinal disorders. "For a claimant to qualify for benefits by showing that his unlisted impairment, or

2

combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). The ALJ correctly concluded that Wetzel does not suffer from neuro-anatomic motor loss and has not had a positive straight-leg raising test, as required by Listing Impairment 1.04A. Wetzel has not identified any medical findings stating that, despite lacking these symptoms, he has other symptoms "equal in severity to: the criteria for Listing Impairment 1.04A, *id*.

Wetzel next argues that the ALJ failed to consider the effect of his pain and medication side effects in determining that he could perform light work. Where a claimant's "subjective complaints [are] unsupported by objective medical evidence," they may not defeat an ALJ's finding that a claimant's pain is not debilitating. *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009). Substantial evidence in the record reveals that Wetzel's pain is well managed with medication, and the side effects of his medication do not impair his ability to perform light work. Wetzel complained to his treating physicians of medication side effects—nausea—on just one occasion, and his treating physician promptly prescribed a different medication to solve the problem. Moreover, there is no evidence in the record that Wetzel ever complained to any of his treating doctors that his medications made him "very dopey," as he claimed they did at his disability hearing. Certified Administrative Record at 44. Finally, the ALJ did not err by concluding that Wetzel's obesity did not interact with his other conditions to cause a disabling impairment. Neither the treatment notes nor the medical opinions of the consultants suggest that Wetzel's obesity exacerbated his impairments.

Third, Wetzel challenges the ALJ's adverse credibility determination. In evaluating a claimant's credibility, the ALJ must follow a two-step process. *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Id.* Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id.* (alterations omitted) (internal quotation marks omitted). Here, the ALJ properly identified at least three different bases for finding that Wetzel was not credible, including inconsistency with the objective medical evidence and his testimony about his intact activities of daily living. Wetzel's objections to the weighing of this evidence and assessment of his credibility are without merit.

Wetzel also argues that the ALJ erred by determining that he could perform his previous relevant work experience as a welder because a welder's position requires at least medium exertion and the ALJ concluded that Wetzel is capable of only light exertion. The Commissioner concedes that, as the district court determined, the ALJ erred in concluding that Wetzel could work as a welder. However, we agree with the Commissioner that, even if the ALJ had not made this error, there is "no reasonable likelihood" that he would have changed his disability decision because the ALJ identified at least three other jobs in the national economy that Wetzel is capable of performing. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (finding remand unnecessary where the ALJ's error would not have affected the disability determination).

3

Lastly, Wetzel argues that the ALJ's determination that he could perform light work as a toll collector, officer helper, or inspector/hand packager was not supported by substantial evidence. Wetzel's arguments attacking the evidence upon which the ALJ based his decision ask this Court to attribute greater weight to the examining consultant and the credibility of his testimony. Having already rejected these arguments above, we find no basis to conclude that the ALJ did not support his conclusion regarding Wetzel's ability to perform light work with substantial evidence.

We have considered the remainder of Wetzel's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk