Riccobono v. Saul

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of March, two thousand twenty.

Present:      ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                   *Circuit Judges*,
             JESSE M. FURMAN,
                   *Judge*.[1]

_____

ANGELO JOSEPH RICCOBONO,

                   *Plaintiff-Appellant*,

               v.                                        19-909-cv

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

                   *Defendant-Appellee*.

_____

Appearing for Appellant:      Sarah H. Bohr, Bohr & Harrington, LLC, Atlantic Beach, FL.

                              Sharmine Persaud, Persaud & Zeltmann, Massapequa, N.Y. (*on the brief*).

Appearing for Appellee:       Matthew Joseph Mailloux, Assistant United States Attorney
                              (Varuni Nelson, Arthur Swerdloff, Assistant United States

_____

[1] Judge Jesse M. Furman, United States District Court for the Southern District of New York, sitting by designation.

Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Azrack, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED and REMANDED**.

Appellant Angelo Joseph Riccobono appeals from the February 11, 2019, judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*), affirming an administrative law judge's ("ALJ's") March 17, 2016, denial of Riccobono's application for Social Security disability insurance benefits. The ALJ concluded that Riccobono was not disabled. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks and citation omitted). It is well-established that an ALJ "has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).

Riccobono argues that the ALJ erred in concluding that Riccobono maintained a Residual Functional Capacity ("RFC") to perform light work. According to Riccobono, rather than weigh the conflicting medical opinions in the record, the ALJ discounted the medical opinions and substituted her own judgment to interpret the raw medical data against Riccobono's testimony and treatment history. However, as we previously have held, "a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion." *Wagner v. Secretary of Health and Human Servs.*, 906 F.2d 856, 862 (2d Cir. 1990). !

We agree with Riccobono that the ALJ failed to meet that high burden when she relied solely on her lay interpretation of the diagnostic tests and other non-medical evidence. "[T]he ALJ cannot arbitrarily substitute h[er] own judgment for competent medical opinion." *McBrayer v. Secretary of Health and Human Servs.,* 712 F.2d 795, 799 (2d Cir. 1983). As the Commission conceded at oral argument, the ALJ relied heavily on Riccobono's past ability to exercise at the gym and play sports but failed to acknowledge that those activities ended sometime during the alleged disability period. Moreover, our review of the record demonstrates that Riccobono's current lifestyle is "not inconsistent" with the treating physicians' opinions. *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (recognizing that a person may engage in activities like attending church and shopping while being unable to perform work for sustained periods).

And while the ALJ may have given appropriate reasons for not according controlling weight to some of the opinions of Riccobono's treating physicians, she must still base her conclusion on *some* medical opinion or otherwise articulate the overwhelmingly compelling reasons for not doing so. *See id.* Absent those reasons, the ALJ had an "affirmative obligation" to "attempt[] to fill any clear gaps in the administrative record" created by inconsistencies in the medical opinions—for example, by directing the physicians to "supplement [their] findings with additional information." *See Rosa v. Callahan*, 168 F.3d 72, 79-80 (2d Cir. 1999). The ALJ committed error by failing to develop the record and improperly rejecting the treating physicians' opinions.

Accordingly, the judgment of the district court hereby is VACATED, and we remand to the Commission for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk