Cook v. Comm'r of Soc. Sec.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of August, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DENNY CHIN,
                    *Circuit Judges*.
_____

BETTY L. COOK,

                    *Plaintiff-Appellant*,

            v.                                                  19-3094-cv

COMMISSIONER OF SOCIAL SECURITY,

                    *Defendant-Appellee*.
_____

Appearing for Appellant:      Justin Mark Goldstein, Law Offices of Kenneth Hiller, PLLC, Amherst, N.Y.

Appearing for Appellee:       Nahid Sorooshyari, Special Assistant United States Attorney (Ellen E. Sovern, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Carter, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Betty Cook appeals from the July 29, 2019 judgment of the United States District Court for the Western District of New York (Carter, *M.J.*), affirming an administrative law judge's ("ALJ's") September 29, 2017 denial of Cook's application for Social Security disability insurance benefits. The ALJ concluded that Cook was not disabled. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cook raises three arguments on appeal. First, Cook argues that the ALJ erred in concluding that Cook maintained a Residual Functional Capacity ("RFC") to perform sedentary work. Second, she claims that the ALJ failed to develop the record. Third, she argues that the Appeals Council erred in denying her request to review the ALJ's decision.

"On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks and citation omitted). It is well-established that an ALJ "has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).

Cook argues that the ALJ's conclusions that (1) Cook could perform sedentary work if she alternated positions between standing or walking for thirty minutes to sitting for fifteen minutes; (2) she could balance or stoop occasionally; (3) she could reach overhead with her right arm; and (4) she could conduct simple, routine work involving limited interaction with the general public, were not supported by substantial evidence.

There was substantial evidence supporting the ALJ's determinations in this case. The district court relied on consulting physician reports and treatment notes in coming to its determination. Dr. Miller's report indicated that Cook did not have any limitations on her ability to stand or walk and reach overhead. Dr. Miller only found a moderate limitation for kneeling and squatting. Dr. Santarpia found that Cook could perform simple tasks independently and relate adequately with others. Although the ALJ did not assign controlling weight to these reports in light of Cook's subsequent surgeries and continued mental health treatment, no other medical evidence in the record indicates that Cook faced any limitations not reflected in the ALJ's RFC. Therefore, the ALJ's determination was sufficiently supported.

Turning to Cook's second argument, although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when "the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013); *see also Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999). Here, the treatment notes were in line with the ALJ's RFC determinations. And because Cook failed to adduce any medical evidence inconsistent with the ALJ's determinations, the ALJ was not faced with "any clear gaps in the administrative record" that gave rise to an affirmative obligation to seek a medical opinion. *See Rosa*, 168 F.3d at 79-80.

Finally, we reject Cook's argument that the Appeals Council erred in declining her request for review. The Appeals Council declined the request because there was not a reasonable probability that the additional evidence, which related to surgeries done by Dr. Dyskin to control an infection that had arisen in Cook's left knee as a result of her prior surgery, would have changed the ALJ's decision. We agree. Contrary to Cook's assertions, the evidence does not undermine the ALJ's conclusion that Cook's knee ultimately improved. The surgeries served to cure the complication from the prior surgery, and there is no indication that this goal was not met.

Cook also raises, for the first time on appeal, the argument that the evidence submitted to the Appeals Council would have altered the ALJ's conclusion that Cook did not suffer from a severe hip impairment. Because this argument was not raised before the district court, we consider it waived. *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).

We have considered the remainder of Cook's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk