20-1283
*Schafenberg v. Saul*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-one.

PRESENT:     JOHN M. WALKER, JR.,
             RICHARD J. SULLIVAN,
             JOSEPH F. BIANCO,
                  *Circuit Judges.*

_____

Susan Schafenberg,

                  *Plaintiff-Appellant*,

          v.                                          20-1283

Andrew M. Saul, Commissioner of Social Security,

                  *Defendant-Appellee*.

_____

For Appellant:                                    PETER A. GORTON, Lachman &
                                                  Gorton, Endicott, NY.

For Appellee:                                     PETER WILLIAM JEWETT (Ellen E.
                                                  Sovern, Regional Chief Counsel -
                                                  Region II Office of the General
                                                  Counsel, Social Security
                                                  Administration, Of Counsel, *on the
                                                  brief*), *for* Antoinette T. Bacon,
                                                  Acting United States Attorney,
                                                  Northern District of New York,
                                                  New York, NY.

Appeal from the United States District Court for the Northern District of New York (Therese Dancks, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **VACATED**.

Plaintiff-Appellant Susan Schafenberg appeals from the final judgment of the district court (Dancks, *Mag. J.*), affirming a decision from the Commissioner of Social Security ("Commissioner") that denied Schafenberg's request for disability benefits.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In reviewing the decision of the Commissioner, "[w]e conduct a plenary review of the administrative record to determine if there is substantial evidence . . .

2

to support the Commissioner's decision." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). Though this standard "is not high," it requires "more than a mere scintilla" of evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted).

To determine if a claimant suffers from a qualifying disability under the Social Security Act, the Commissioner follows a five-step, sequential evaluation process. *See* 20 C.F.R. § 416.920(a)(4). The only step at issue here, the second step, requires the Commissioner to "consider[] whether the claimant has a severe impairment which significantly limits h[er] physical or mental ability to do basic work activities." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted).

While a mental impairment rated as "none" or "mild" generally will not qualify as "severe," those rated as "moderate," "marked," or "extreme" will qualify as "severe" under step two, thus requiring the administrative law judge ("ALJ") to proceed to the third step in the sequential process. *See* 20 C.F.R. § 404.1520a(c)(4)–(d)(1). According to the policy statement clarifying the step-two analysis, "[a] claim may be denied at step two only if the evidence shows that the individual's impairments . . . do not have more than a minimal effect on the

3

person's physical or mental abilit[ies] to perform basic work activities." Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3 (1985). "If such a finding is not *clearly established by medical evidence*, however, adjudication must continue through the sequential evaluation process." *Id.* (emphasis added). Indeed, "the standard for a finding of severity under [s]tep [t]wo of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)).

Here, the record compels a finding that Schafenberg's mental impairments exceeded this "*de minimis*" threshold. Importantly, Dr. Amanda Slowik, who performed a consultative psychiatric evaluation, and Dr. Sefali Bhutwala, who reviewed Schafenberg's medical records, opined that Schafenberg's mental impairments – stemming from her bipolar disorder, affective disorder, and/or anxiety disorder – markedly or moderately limited Schafenberg's ability to concentrate and perform ordinary tasks required for basic work. No medical opinion contradicted these findings. Moreover, in line with these opinions, Schafenberg testified that, even when she is on medication, she experiences symptoms of her mental illness (such as hallucinations, panic attacks, and racing

4

thoughts) as often as three times a month, and that the symptoms may last for two days when she is stressed. Given these unrebutted facts and opinions, we simply cannot conclude that the evidence "clearly establish[es]" only a "minimal effect on [Schafenberg's] mental abilit[ies] to perform basic work activities." SSR 85-28, 1985 WL 56856, at *3; *see also McIntyre*, 758 F.3d at 151.

None of the evidence discussed by the ALJ upsets our conclusion. To begin, the record does not support the ALJ's suggestion that Schafenberg's disability was less than severe merely because she cared for her sister and mother. To the contrary, the record reflects that Schafenberg's service to her family often overwhelmed her, repeatedly causing her to have panic attacks. *Cf. Nelson v. Bowen*, 882 F.2d 45, 49 (2d Cir. 1989) ("When a disabled person gamely chooses to endure pain in order to pursue important goals, it would be a shame to hold this endurance against him in determining benefits unless his conduct truly showed that he is capable of working.").

We are likewise unpersuaded by the treatment notes highlighted by the ALJ. While those notes sometimes indicate that Schafenberg's mental impairments were under control, they nevertheless also document the significant impairments caused by her illness. Schafenberg's treatment notes thus reveal the cycle of

5

struggles and improvements that often accompany cases involving mental illness. *See Estrella*, 925 F.3d at 97. They do not, however, place Schafenberg's impairments in the category of the "very weakest cases," which are screened out at step two. *McIntyre*, 758 F.3d at 151.

We have considered the Commissioner's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the district court's judgment and **REMAND** with instructions that the district court, in turn, remand this case to the Commissioner for further proceedings consistent with this opinion. In doing so, we take no position as to whether Schafenberg has satisfied the remaining steps in the sequential analysis, which must be determined in the first instance by the ALJ.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court