21-8-cv
Reilly v. Comm'r of Soc. Sec.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-two.

PRESENT:   RAYMOND J. LOHIER, JR.,
               JOSEPH F. BIANCO,
               BETH ROBINSON,
                 *Circuit Judges*.

------------------------------------------------------------------

PAMELA REILLY,

       *Plaintiff-Appellant*,

    v.                                                                     No. 21-8-cv

COMMISSIONER OF SOCIAL SECURITY,

       *Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:    TAYLOR C. SCHUBAUER, William C. Bernhardi Law Offices, PLLC, West Seneca, NY

FOR DEFENDANT-APPELLEE:    CATHARINE ZURBRUGG, Special Assistant United States Attorney (Ellen E. Sovern, Judith Cohen, *on the brief*), *for* James P. Kennedy, United States Attorney for the Western District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Pamela Reilly appeals from a November 5, 2020 judgment of the United States District Court for the Western District of New York (Geraci, Jr., J.) affirming the final decision of the Commissioner of Social Security, which rejected Reilly's application for Social Security Disability Insurance benefits. The District Court granted the Commissioner's motion for judgment on the pleadings after determining that substantial evidence supported the Administrative Law Judge's ("ALJ") conclusion that Reilly was not disabled

2

within the meaning of the Social Security Act. See 42 U.S.C. § 401 et seq. (2015); see also 20 C.F.R. § 404.1520 (2012). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In deciding an appeal of the denial of disability benefits, we "focus on the administrative ruling" and determine whether the ALJ's decision was supported by "substantial evidence" and applied the correct legal standards. McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014) (quotation marks omitted). While "the evidentiary threshold for the substantial evidence standard is not high, . . . [it] is also not merely hortatory: It requires relevant evidence which would lead a reasonable mind to concur in the ALJ's factual determinations." Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) (quotation marks omitted).

We conclude that substantial evidence supported the ALJ's decision. Urging a contrary conclusion, Reilly advances three principal arguments, which we address in turn.

First, Reilly argues that the Appeals Council disregarded additional evidence submitted after the ALJ's decision. But the additional medical evidence that Reilly submitted to the Appeals Council—a functional capacity

3

evaluation (FCE) by Dr. Mark Howard and a letter from Dr. Jessica Ogorchock—was largely consistent with the evidence already in the record and with the ALJ's own residual functional capacity determination. The FCE reflected that Reilly was able to stand and walk on an occasional basis—a conclusion that is consistent with the ALJ's determination that she could stand and walk for two to three hours in an eight hour workday, but only for thirty minutes at one time. The FCE reflected a lifting limitation of 5 pounds occasionally, which was consistent with Dr. Ogorchock's April 2017 assessment of Reilly's lifting capacity that the ALJ had given only "partial weight." Although the FCE may have provided some additional evidence to buttress Dr. Ogorchock's opinion in that regard, the lifting limitation was determined based in part on "psychophysical," or subjective factors. App'x 672. And finally, the FCE documented sitting limitations that were consistent with Dr. Ogorchock's prior sitting restrictions. Under these circumstances, we cannot conclude that the Appeals Council abused its discretion in concluding that there was no "reasonable possibility that the new evidence would have influenced the [Commissioner] to decide [Reilly's] application differently." Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004) (quotation marks omitted); see also 20 C.F.R. § 404.970(a)(5), (b) (2020). The

4

Appeals Council therefore did not improperly disregard Reilly's new evidence.

Second, Reilly contends that the ALJ's treatment of medical opinion evidence was wrong, and principally takes issue with the limited weight given to the opinion of her primary care doctor, Dr. Ogorchock.[1]  We disagree.  "[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'"  Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2) (2017)).  But the opinion of a treating physician need not be given controlling weight when it is "not consistent with other substantial evidence in the record, such as the opinions of other medical experts."  Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004).  In determining the amount of weight to give to medical opinions, ALJs consider the factors set forth in 20 C.F.R. § 404.1527(c).  Here, the

---

[1] The ALJ gave "great weight" to the opinion of a consultative examiner, Dr. Liu; "some weight" to the opinion of an independent medical examiner, Dr. Polavarapu; and "partial weight" to the opinion of Dr. Ogorchock.  Drs. Liu and Polavarapu both examined Reilly, their opinions were consistent with their examinations, and their opinions were consistent with other evidence in the record, including the opinions of Drs. Mills and Egnatchik and Reilly's physical therapy and treatment records.

5

ALJ considered these factors and noted several reasons for giving Dr. Ogorchock's opinion only "partial weight," including that her opinion was not consistent with the record as a whole, that it was not supported with an explanation, that it was not supported by medical evidence in the record, and that it was based on Reilly's subjective reports as opposed to medical evidence. Because the ALJ provided adequate reasons for the weight assigned to Dr. Ogorchock's opinion, we conclude that the ALJ's treatment of the medical opinion evidence was not error.   See Burgess, 537 F.3d at 130.

Finally, Reilly argues that the ALJ failed to resolve conflicts between the vocational expert's testimony about the jobs Reilly could perform and the descriptions of those jobs provided by the Dictionary of Occupational Titles ("DOT").   However, for both potential conflicts Reilly identifies—her ability to reach overhead and her ability to stand and walk—the ALJ "elicit[ed] an explanation that would justify crediting the [vocational expert's] testimony." See Lockwood v. Comm'r of Soc. Sec. Admin., 914 F.3d 87, 92 (2d Cir. 2019). The ALJ specifically asked about both potential conflicts and the vocational expert provided explanations that included an analysis based on his own expertise and labor market surveys he conducted.   See Certified Administrative

Record at 84–87.   Accordingly, the ALJ properly relied on the vocational expert's testimony.   See McIntyre, 758 F.3d at 152.

We have considered Reilly's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court