21-3150
*Peets v. Kijakazi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-two.

PRESENT:    Susan L. Carney,
                     Steven J. Menashi,
                     Beth Robinson,
                              *Circuit Judges.*

_____

KAREN PEETS,

         *Plaintiff-Appellant,*


    v.                                                                  No. 21-3150


KILOLO KIJAKAZI, ACTING COMMISSIONER
OF SOCIAL SECURITY,

         *Defendant-Appellee.*


_____

*For Plaintiff-Appellant*:    MARK SCHNEIDER, Plattsburgh, NY.

*For Defendant-Appellee*:    MOLLY E. CARTER (Michael J. Pelgro, Regional Chief Counsel, James J. Nagelberg, *on the brief*), Office of the General Counsel, Social Security Administration, Boston, MA, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Karen Peets appeals from a district court decision upholding the Social Security Administration's denial of her application for supplemental security income ("SSI") disability benefits. Peets argues that the Administrative Law Judge ("ALJ") who adjudicated her case erred in three ways. First, she claims that the ALJ failed to give sufficient weight to the findings and opinions of the treating sources and examining consultants. Second, she contends that the ALJ erred by not crediting Peets's own testimony about her impairments and limitations. Third,

she urges that the ALJ erred by not determining that her combination of ailments rendered her disabled. We conclude that substantial evidence supports the ALJ's findings and therefore affirm the judgment of the district court. We assume the parties' familiarity with the underlying facts and procedural history.

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The substantial evidence standard is highly deferential. "'Substantial evidence' is evidence that amounts to 'more than a mere scintilla,' and has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Under this deferential standard, we conclude that the ALJ's findings must be upheld. The ALJ appropriately weighed the findings and opinions of the treating sources and examining consultants. Moreover, the ALJ fairly took Peets's testimony into account in reaching his conclusion. Substantial evidence supported

3

the ALJ's ultimate finding that Peets was not disabled from the application date of January 3, 2018 through the date of the ALJ's decision.

## I

Peets begins by disputing the weight that the ALJ gave the findings and opinions of the treating sources and the examining consultants. The weight that Social Security Administration ALJs assign to treating physicians has recently been the subject of regulatory change. In January 2017, the Social Security Administration repealed the "treating physician rule," which required that an ALJ defer to the opinion of a treating physician when adjudicating an application for SSI disability benefits. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017). Now, the regulations instruct ALJs not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 416.920c(a). That an ALJ does not give controlling weight to a particular medical opinion is not a basis for second-guessing the ALJ's conclusions.

Here, the ALJ evaluated the various medical opinions before the agency in light of the full record. Regarding Peets's mental health, the ALJ determined that "when looking to the majority of the relevant time period, a finding of non-severe

4

mental impairments is established and is supported by the overall totality of the documented medical evidence." Special App'x 10. This finding was based in part on medical opinions; the ALJ noted that "significance is provided to persuasive opinions of the State Agency psychiatric consultant, Dr. Momot-Baker[,] as well as the examining psychiatric consultant, Dr. Hartman." *Id.* And when considering these opinions alongside Peets's reported activities and the rest of the record, the ALJ reasonably found that Peets had "a non-severe mental impairment." *Id.*

As to Peets's physical impairments, the ALJ considered a significant amount of medical testimony as part of his overall evaluation. The ALJ noted and discussed the conclusions of Dr. Wasseff—the consultative examiner—and Dr. Sharif-Najafi—the non-examining State Agency medical consultant. Moreover, the ALJ took into account the statements of Ms. Steele-Goodwin, the treating physician assistant. In certain instances, the ALJ found that the record, including "the claimant's own reported activities," conflicted with the statement of a medical expert and thereby "tend[ed] to lessen the persuasiveness" of the expert's statements. *Id.* at 13. But those conclusions were grounded in record evidence and therefore were supported by substantial evidence. The ALJ's decision evinces consideration of the findings and opinions of the treating sources and the

5

examining consultants ahead of a conclusion that the ALJ supported with substantial evidence.

## II

Peets also contends that the ALJ did not sufficiently credit Peets's testimony about her impairments and limitations. However, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability" in an SSI disability benefits adjudication. 42 U.S.C. § 423(a)(5)(A). We have also said that an agency "need not enumerate and evaluate on the record each piece of evidence, item by item," in an adjudication. *Xiao Ji Chen v. United States*, 471 F.3d 315, 341 (2d Cir. 2006). Here, the ALJ explicitly noted that "full consideration has been provided to the claimant's allegations regarding the intensity, persistence, and limiting effects of the alleged symptoms." Special App'x 14. The fact that the ALJ found some of Peets's testimony consistent with the record and other parts of her testimony inconsistent with the record—and, thus, less persuasive—is not a basis for setting aside the ALJ's decision.

Peets also claims that the ALJ mischaracterized certain of her reported activities, overstating the extent to which she was "playing basketball" when she sustained an injury to her hand and mistakenly reporting that she still goes

6

bowling. We conclude that these minor errors were harmless. In support of his decision, the ALJ pointed to a significant amount of evidence, including many other reported activities that Peets does not dispute, that was independent of the basketball and bowling examples. Thus, the decision was supported by substantial evidence, even putting aside the evidence that Peets claims was misconstrued.

## III

Peets's final argument is that, in light of Peets's many impairments, the ALJ was wrong to conclude that Peets was not disabled. For the reasons already stated, we must conclude that the ALJ's finding of non-disability was supported by substantial evidence. The ALJ weighed the testimony of the various medical experts, while also taking into account other evidence in the record. That evidence included Peets's reported activities—which included "handl[ing] money," "bak[ing] cookies," "do[ing] jigsaw puzzles," "us[ing] public transportation, do[ing] household chores," and "routinely attend[ing] and participat[ing] in church activities," Special App'x 10—and the body of medical evidence before him. A reasonable mind could accept this evidence as adequate to support the ALJ's conclusion that Peets was not disabled under the meaning of the Social Security Act. Under the substantial evidence standard, our inquiry stops there.

\* \* \*

We have considered Peets's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk of Court